HARTZ, Circuit Judge,
concurring specially:
I concur in the result and join all of Judge Anderson’s opinion except the dictum regarding the propriety of the lodestar multiplier. Because Harris Trust did not cross appeal, we need not decide whether the multiplier used by the district court was too high. I would refrain from asserting that the district court did not err in using a 2.57 multiplier. That assertion is both unnecessary and questionable.
My first disagreement with the majority is that I do not think the considerations set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974), are “criteria for determining the multiplier.” Op. at 17. The appropriate use for almost all the factors listed in Johnson is to determine the attorney’s hourly rate and the reasonableness of the number of hours expended on the case; to consider those factors again in setting a *1246 multiplier would constitute double counting. Indeed, Johnson itself does not discuss the use of a multiplier.
As for the one Johnson criterion relied upon by the majority in approving the multiplier here — “the results achieved,” Op. at 21 — I question whether that is an appropriate consideration in this case. A bonus for extraordinary results looks a lot like a contingency fee; in both circumstances the fee depends upon the result. To use a multiplier for “extraordinary results” in effect grants a contingency enhancement for any recovery beyond “expected” results. Yet the Supreme Court in Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), rejected the use of a contingency enhancement in setting a reasonable attorney fee under federal fee-shifting statutes. Although the statute providing for a trustee’s fee might be distinguished from such fee-shifting statutes, the discussion of contingency enhancements in Dague should give a court pause before approving any result-based enhancement in setting a “reasonable fee.” The Court wrote:
We note at the outset that an enhancement for contingency would likely duplicate in substantial part factors already subsumed in the lodestar. The risk of loss in a particular case (and, therefore, the attorney’s contingent risk) is the product of two factors: (1) the legal and factual merits of the claim, and (2) the difficulty of establishing those merits. The second factor, however, is ordinarily reflected in the lodestar- — either in the higher number of hours expended to overcome the difficulty, or in the higher hourly rate of the attorney skilled and experienced enough to do so. Taking account of it again through lodestar enhancement amounts to double counting.
The first factor (relative merits of the claim) is not reflected in the lodestar, but there are good reasons why it should play no part in the calculation of the award. It is, of course, a factor that always exists (no claim has a 100% chance of success), so that computation of the lodestar would never end the court’s inquiry in contingent-fee cases. Moreover, the consequence of awarding contingency enhancement to take account of this “merits” factor would be to provide attorneys with the same incentive to bring relatively meritless claims as relatively meritorious ones. Assume, for example, two claims, one with underlying merit of 20%, the other of 80%. Absent any contingency enhancement, a contingent-fee attorney would prefer to take the latter, since he is four times more likely to be paid. But with a contingency enhancement, this preference will disappear: the enhancement for the 20% claim would be a multiplier of 5 (100/20), which is quadruple the 1.25 multiplier (100/80) that would attach to the 80% claim. Thus, enhancement for the contingency risk posed by each case would encourage meritorious claims to be brought, but only at the social cost of indiscriminately encouraging nonmerito-rious claims to be brought as well. We think that an unlikely objective of the “reasonable fees” provisions.
Id. at 562-63, 112 S.Ct. 2638 (citations omitted).
The analysis is essentially the same when the multiplier relates only to recovery that exceeds the expected result. Like the situation considered in Dague, the risk of not recovering more than the expected result arises from (1) “the legal and factual merits of the claim [or claims]” for more than the expected result and (2) “the difficulty of establishing those merits.” 505 U.S. at 562, 112 S.Ct. 2638. Regarding the second factor, to the extent that the result is extraordinary because of the talent and energy of counsel, the lodestar computation should have already taken that talent *1247 and energy into consideration m setting the hourly rate and fixing the reasonable number of hours expended. As for the first factor, to the extent that the result is extraordinary because of the relative lack of merit of the claims for more than the expected result, awarding a multiplier encourages the expenditure of excessive resources on claims that, because of their lack of merit, present a relatively small opportunity for better-than-expected results.
Perhaps there are sound reasons for distinguishing Dague from the present situation. But at the least, the issue is a subtle one. Resolving it requires more guidance than is provided by the briefs before us. I therefore express no view on whether the 2.57 multiplier was reasonable.